UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                :
FRANKIE MONEGRO,                :
                :
           Plaintiff,          :
                :     21-CV-2140 (JMF)
      -v-                :
                :     <u>ORDER</u>
UNHEARD, LLC,                :
                :
           Defendant.         :
                :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff alleges that Defendant's website is not accessible to blind and visually impaired customers and, thus, violates Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. In the Court's experience, the vast majority of cases involving such claims are resolved early — often without even an initial pretrial conference.

      **Accordingly, no later than the earlier of 100 days from the date of this Order or two weeks after Defendant appears in the case**, the parties shall file a joint letter (unless Defendant has not appeared, in which case Plaintiff shall file the letter individually), not to exceed two pages, including the following information in separately numbered paragraphs:

(1) Unless Defendant has already answered, the date on which Plaintiff served Defendant with the Complaint and Defendant's deadline to answer. (If Plaintiff has not served Defendant within 90 days of filing the Complaint, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure, and filed proof of such service on the docket, the case may be dismissed on that basis.)

(2) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.

(3) A list of all prior settlement discussions, if any, including the date, the parties involved, and the approximate duration of such discussions.

(4) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when.

(5) Whether there is anything the Court can do to facilitate settlement (including but not limited to referring the matter for a settlement conference before a Magistrate Judge or to the District's Mediation Program).

(6) To the extent that Defendant has not answered or appeared, whether Plaintiff intends to move for default judgment (and, if so, when Plaintiff would be prepared to do so) and/or whether any party intends to move for an extension of Defendant's deadline to answer.

(7) Whether any party believes that the Court should hold a conference to address any of the foregoing and, if so, when.

If any party believes that discovery is necessary or that an initial pretrial conference should be held, the parties shall, **by the same date** and in lieu of the aforementioned letter, file on ECF (1) a joint letter in accordance with Paragraph 2.B of the Court's Individual Rules and Practices and as described below; and (2) a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter.  The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at https://www.nysd.uscourts.gov/hon-jesse-m-furman.  **After reviewing the parties' submissions, the Court will decide if an initial pretrial conference is necessary.**

The parties' joint letter shall not exceed five (5) pages and shall provide the following information in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses thereto;

(2) A brief explanation of why jurisdiction and venue lie in this Court;

(3) A statement of all existing deadlines, due dates, and/or cut-off dates;

(4) A brief description of any outstanding motions;

(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(7) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the

> deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate;
>
> (8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case; and
>
> (9) Whether the parties believe that an initial pretrial conference is necessary.

**To be clear, the deadline for either of the letters described above is just an outside deadline.** That is, the parties may file the appropriate letter sooner — and, indeed, should do so in the event that they believe the Court should hold a conference or allow discovery to commence.

If this case has been settled or otherwise terminated, counsel are not required to submit either letter mentioned above or to appear for any scheduled conference, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://nysd.uscourts.gov/rules/ecf-related-instructions.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent.

All counsel are required to register promptly as filing users on ECF and to familiarize themselves with the SDNY ECF Rules & Instructions, which are available at https://www.nysd.uscourts.gov/electronic-case-filing. **All counsel must also familiarize themselves with the Court's Individual Rules, which are available at https://www.nysd.uscourts.gov/hon-jesse-m-furman.** Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

**Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Rules and Practices forthwith, and (2) to file proof of such notice with the Court.** If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Rules and Practices to that party personally.

SO ORDERED.

Dated: March 12, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge